IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **Z.R.,** A MINOR CHILD, BY AND THROUGH HIS NEXT FRIEND, | : CASE NO.    3:09CV331 |
| | : JUDGE |
| **OHIO LEGAL RIGHTS SERVICE,** | : MAGISTRATE |
| **PLAINTIFF,** | : |
| -V- | : |
| **JEWELL GOOD,** IN HER OFFICIAL CAPACITY AS DIRECTOR OF PREBLE COUNTY CHILDREN SERVICES, | : |
| | : |
| AND | : |
| **SHARON SHUTE,** IN HER OFFICIAL CAPACITY AS DIRECTOR OF PREBLE COUNTY JOB AND FAMILY SERVICES | : |
| **DEFENDANTS.** | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

INTRODUCTION

Plaintiff Z.R., a minor child aged fourteen years old, is an individual with severe developmental disabilities who has been in the care of Preble County Children Services (PCCS) for over thirteen years. During that entire time, he has been placed in the same foster home with the same foster parents. On August 27, 2009, employees of PCCS informed Z.R.'s foster parents that Z.R. would be removed from their home on August 31, 2009, and placed in Camelot Lakes, which is a thirty-six bed Intermediate Care Facility for the Mentally Retarded (ICF/MR). There are currently only five children at Camelot Lakes. As a result, Z.R. will be moved from the only home he has ever known into a highly restrictive institutional setting for reasons unrelated to his needs. As a local government agency, PCCS has a duty under Title II of the Americans with

Disabilities Act (ADA) to place Z.R. in the most integrated and least restrictive setting that is appropriate to his needs.  Plaintiff, through his next friend Ohio Legal Rights Service (OLRS), seeks injunctive and declaratory relief to prevent the removal of Z.R. from his home to a restrictive institutional setting.  Each paragraph incorporates all others without specific restatement.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 which provides for original jurisdiction over civil suits arising under the Constitution, laws, or treaties of the United States.

2. In addition, this Court has jurisdiction over the Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

3. Venue is proper in the Southern District of Ohio, Western Division at Dayton, because the Defendants are located in this district within the meaning of 28 U.S.C. § 1391(b) and because the events, acts, and omissions giving rise to the Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff Z.R. is a fourteen-year-old child with severe developmental disabilities who resides in a foster home in Preble County, Ohio.

5. Z.R. has been in the custody of Preble County Children Services for over thirteen years.

6. Ohio Legal Rights Service (OLRS) brings this action on behalf of Z.R. as his next friend pursuant to Federal Rule of Civil Procedure 17(c).

7. OLRS is designated by the Governor of Ohio as the Protection and Advocacy System as required by the Developmental Disabilities Assistance and Bill of Rights Act, P.L. 106-402, 42 U.S.C. § 15001, et seq., and has authority to bring this action under that act, 42 U.S.C. § 15041 et seq.

8. OLRS is created by statute at Ohio Revised Code § 5123.60 to protect and advocate the rights of people with disabilities, and has authority under that statute to pursue "legal, administrative, and other appropriate remedies" to effect the purpose of that statute.

9. Pursuant to Local Rule 26.2, Z.R. proceeds in this case using his initials because he is a minor child.

10. Defendant Jewell Good is the Director of Preble County Children Services, which is the county agency that has legal custody and control of Z.R.  Defendant Good is sued in her official capacity.

11. Defendants Sharon Shute is the Director of Preble County Job and Family Services, which is the county agency that operates and supervises Preble County Children Services. Defendant Shute is sued in her official capacity.

12. Preble County Children Services and Preble County Department of Job and Family Services are public entities as defined by Title II of the Americans with Disabilities Act, 42 U.S.C. 12131(1).

## FACTS

13. Z.R. is a fourteen-year-old child with severe physical and mental disabilities.  Z.R. has been diagnosed with Shaken Baby Syndrome, spastic cerebral palsy, and severe expressive disorder.  He has very limited verbal skills.

14. On December 20, 1995, Z.R. was placed by Preble County Children Services in a foster home with his current foster parents.  Z.R. has resided with his foster parents since that date.

15. During the nearly fourteen years that Z.R. has resided with his foster parents, they have cared for his needs.

16. Z.R. has never lived in an institution or other non-family setting, and he is considered to be a member of his foster parents' family.

17. Z.R.'s foster parents continue to be able and willing to care for Z.R. in their home.

18. On August 27, 2009, Z.R.'s foster parents were informed by employees of Preble County Children Services that Z.R. will be removed from their home on August 31, 2009, and placed at Camelot Lakes, a thirty-six bed private Intermediate Care Facility for the Mentally Retarded (ICF/MR).

19. There is no indication that the decision to remove Z.R. from his foster parents' home is due to an emergency or other urgent situation.

20. Upon information and belief, Camelot Lakes currently houses thirty-one adults with disabilities and no more than five children with disabilities.

21. As legal custodian for Z.R., Preble County Children Services has the legal authority and duty to place Z.R. in a setting appropriate to his needs.

22. As the county agency that operates Preble County Children Services, Preble County Department of Job and Family Services has the legal duty to ensure that Preble County Children Services complies with the law in placing children in its care.

23. Title II of the Americans with Disabilities Act (ADA) prohibits public entities from discriminating against a person with a disability or from excluding from participation in or denying the benefits of its services, programs, or activities to such person by reason of his or her disability.  42 U.S.C. § 12132.

24. The unjustified institutional isolation and segregation of a person with a disability is a form of discrimination under Title II of the ADA.  *See Olmstead v. L.C.*, 527 U.S. 581, 600 (1999).  Upon enactment of the ADA, Congress noted that, "historically, society has tended to

4

isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). Furthermore, "discrimination against individuals with disabilities persists in such critical areas as … institutionalization...," and "individuals with disabilities continually encounter various forms of discrimination, including … segregation…." 42 U.S.C. § 12101(a)(3),(5).

25. 28 C.F.R. § 35.130(d), a regulation adopted under Title II of the ADA, requires that services, programs, and activities be administered in the most integrated setting appropriate to the needs of a qualified person with a disability.

26. As an ICF/MR, Camelot Lakes is the most restrictive and least integrated placement for Z.R.

27. Due to Z.R.'s disabilities, if he is placed in Camelot Lakes or any other ICF/MR, he will not be able to self-advocate for release from the facility.

28. If Z.R. is placed in Camelot Lakes or any other ICF/MR, he will have no parent, family member, or foster family member to monitor his placement or advocate for his release.

29. There is no indication that Z.R. cannot be cared for by his foster parents or in another appropriate foster home.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION

30. Plaintiff has physical or mental impairments that substantially limit him in at least one major life activity and is therefore a person with a disability as defined by Title II of the ADA and its implementing regulations.

31. Plaintiff is an otherwise qualified individual with a disability under Title II of the ADA because he meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendants. Z.R. has been receiving custody and placement services from the Defendants since his infancy.

32. Defendants have decided to move Plaintiff from his current placement in the community to an ICF/MR, an institutional setting, despite the fact that his needs can be served and have been served for nearly fourteen years in a family placement. Therefore, the Defendants have discriminated against Z.R. under Title II of the ADA. 42 U.S.C. § 12131 *et seq.*; 28 C.F.R. § 35.130(d).

33. Defendants are violating Title II of the ADA by placing Z.R. in a less integrated and more restrictive environment than is appropriate to his needs.

34. There is no evidence that Z.R.'s needs have not been met in his foster parents' home, or cannot be met in a family-like foster home placement.

35. As a result of Defendants' violation of Title II of the ADA, Z.R. will suffer irreparable harm by being removed from the only home he has ever known and placed in an institution.

## REQUEST FOR RELIEF

Plaintiff respectfully request that this Court grant the following relief:

A. Immediately enjoin the Defendants from removing Z.R. from his foster parents' home unless and until Z.R. can be placed in a setting that complies with Title II of the ADA;

B. Declare that the placement of Z.R. in Camelot Lakes or any other ICF/MR violates his rights under Title II of the ADA because it is a more restrictive and less integrated placement than his needs require;

C. Grant Plaintiff's recovery of reasonable attorney fees and costs in bringing this action;

D. Grant Plaintiff any and all other relief to which the Court believes he is entitled.

    Respectfully submitted,

    <u>   s/ Kristen Henry                  </u>
    Kristen Henry (0082382)
    Trial Attorney
    khenry@olrs.state.oh.us

    <u>   s/ Kevin J. Truitt                </u>
    Kevin J. Truitt (0078092)
    ktruitt@olrs.state.oh.us

    <u>   s/ Kerstin Sjoberg-Wittt         </u>
    Kerstin Sjoberg-Witt (0076405)
    ksjoberg-witt@olrs.state.oh.us

    Ohio Legal Rights Service
    50 West Broad Street, Suite 1400
    Columbus, Ohio 43215
    (614) 466-7264
    (614) 644-1888 (fax)